In re Petition for **DISCIPLINARY ACTION AGAINST Thomas J. LYONS, Jr., an Attorney at Law of the State of Minnesota.**

No. C7–00–2011.

Supreme Court of Minnesota.

Jan. 26, 2001.

### ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Thomas J. Lyons, Jr., has committed professional misconduct warranting public discipline, namely, prosecuting frivolous claims or litigation in three cases and failing to follow proper affidavit procedures in another case, all of which resulted in sanctions which have been satisfied, in violation of Rules 1.1, 3 .1, 3.4(c) and 8.4(c) and (d), Minn. R. Prof. Conduct.

Respondent admits his conduct has violated the Rules of Professional Conduct, waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a public reprimand and two years of unsupervised probation. Respondent acknowledges that this court may impose any discipline it deems appropriate.

This court has independently reviewed the file and accepts respondent's admission of misconduct. However, based on respondent's disciplinary history and the nature of the present misconduct, we conclude that the appropriate discipline is two years of supervised rather than unsupervised probation, subject to the following conditions:

(1) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(2) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(3) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date of this order. If, after diligent effort, respondent is unable to locate a

supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph 4 below. Respondent shall make active client files available to the Director upon request.

(4) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall discuss with his supervisor proposed litigation and proposed motions in connection to that litigation. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

IT IS HEREBY ORDERED that respondent Thomas J. Lyons, Jr., is publicly reprimanded and placed on two years of supervised probation subject to the conditions set forth above, and that he pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

Alan C. Page

Associate Justice